NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0731n.06

No. 11-5205

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 06, 2012*

LEONARD GREEN, Clerk

MICHAEL SPURLING,

    Plaintiff-Appellant,

v.

ALLSTATE INDEMNITY COMPANY,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

Before: DAUGHTREY and ROGERS, Circuit Judges; ZOUHARY[*], District Judge.

PER CURIAM. Following a jury verdict in his favor and against defendant Allstate Indemnity Company, plaintiff Michael Spurling appeals the district court's judgment, claiming that the court should have granted his motion for a new trial, in which he challenged the jury's determination of damages. We affirm.

In January 2009, a fire occurred at a dwelling insured in Spurling's name. He filed a claim for the loss with Allstate. After an investigation, the insurance company denied the claim. Spurling then brought suit, alleging several types of damages: breach of contract damages for the policy limits; statutory damages for bad faith denial of coverage; the cost of materials and labor used to seal off the dwelling after the fire; and punitive damages.

_____

[*]The Hon. Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

In his complaint, he sought $75,090 in compensatory damages and $100,000 in punitive damages. Allstate raised two defenses, alleging that Spurling (or someone acting on his behalf) intentionally set the fire and that Spurling made material misrepresentations during the investigation. Either defense, if proven, would have voided the policy.

The jury returned a verdict in favor of Spurling, specifically finding that Allstate had failed to prove the defenses of arson and misrepresentation. However, the jury awarded only $1,148.50 as the reasonable value of Spurling's loss, a lowball calculation in his estimation. Spurling moved for a new trial on the issue of damages, arguing that the jury's award was against the weight of the evidence. The district court denied the motion, and Spurling filed this timely appeal.

We review a district court's denial of a motion for a new trial under an abuse-of-discretion standard. *See, e.g.*, *Nolan v. Memphis City Sch.*, 589 F.3d 257, 264 (6th Cir. 2009). "Reversal is only warranted if the [c]ourt has a 'definite and firm conviction that the trial court committed a clear error in judgment.'" *Id.* (quoting *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000)).

Pursuant to Federal Rule of Appellate Procedure 10(b)(2), "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." In this case, Spurling declined to include a transcript of the trial proceedings in the record on appeal. Because the sufficiency of the evidence

to support a jury's decision cannot be questioned on appeal in the absence of a transcript, Spurling's failure to provide a transcript bars review of his claim. *See id.*; *see also Hawley v. City of Cleveland*, 24 F.3d 814, 820–21 (6th Cir. 1994).

Spurling nevertheless argues on appeal that a transcript is unnecessary because the disparity between the jury's award and his averred damages was "so great as to shock the conscience." However, this formulation is not the correct standard for overturning a jury award of damages. Instead, "a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Bell v. Johnson*, 404 F.3d 997, 1003 (6th Cir. 2005). Without a transcript, it is impossible for us to conduct a meaningful review of the evidence offered by the parties at trial upon which the jury based its award of damages. *See Hawley*, 24 F.3d at 821.

Under Rule 10(b), it is the appellant's duty to order the transcript when it is necessary for review of the issues he or she intends to raise on appeal. Given Spurling's failure to provide a transcript of the jury trial in this case, the evidence relied upon by the jury to support its verdict, as well as the district court's reasons for denying Spurling's motion for a new trial, cannot be challenged on appeal. *See* Fed. R. App. P. 10(b)(2); *Hawley*, 24 F.3d at 821-22. Accordingly, we uphold the district court's denial of the motion for a new trial and AFFIRM the district court's judgment.